## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

**CAMERON DIXON,**

　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 1:20-CV-49**
　　　　　　　　　　　　　　　　　　　　**(JUDGE KLEEH)**

**BRIAN MEADE,**
**President of Meade & Associates,**

　　　**Defendant.**

### REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL

On March 19, 2020, the *pro se* Plaintiff Cameron Dixon filed a Complaint against Defendant Brian Meade. [ECF No. 1]. On April 7, 2020, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.* [ECF No. 6]. The Court ultimately granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* by order entered on September 9, 2020. [ECF No. 21]. By this order granting Plaintiff's motion, the Court further ordered that Plaintiff was to pay in an initial partial filing fee of $28.52. The Court also ordered that Plaintiff must make such payment within twenty-eight (28) days of the entry of the order or the action would be dismissed without prejudice. However, the deadline for Plaintiff to pay the initial partial filing fee passed without Plaintiff making payment.

On October 15, 2020, the Court entered an Order to Show Cause directing Plaintiff to show cause within fourteen (14) days of the receipt of this Order as to why this matter should not be dismissed, without prejudice, for failure to prosecute. [ECF No. 23]. A return receipt shows that Plaintiff received the Order on October 19, 2020. [ECF No. 24].

Plaintiff did not respond within fourteen (14) days of receipt of the Order. Plaintiff has not paid the initial partial filing fee nor filed any further motions in this matter.

A case may be dismissed when a litigant fails to comply with a court's rules or orders. *See* Fed. R. Civ. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted"). This authority is an inherent power which allows courts to keep their calendars free of cases that remain dormant because of the inaction or the dilatoriness of the parties. *See* <u>Link</u>, 370 U.S. at 630. This ensures the Court can focus on the orderly and expeditious disposition of active, meritorious cases.

Here, Plaintiff Cameron Dixon failed to comply with the September 9 Order requiring payment of an initial filing fee within twenty-eight (28) days of the entry of the order. Plaintiff Dixon further failed to comply with the October 15 Order requiring Plaintiff to show cause as to why this action should not be dismissed without prejudice. In both the September 9 Order and the October 15 Order, the Court gave Plaintiff notice that failure to comply would result in this action being dismissed.

For these reasons the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to pay the initial partial filing fee or show cause as ordered by this Court.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

**Respectfully submitted this December 11, 2020.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE